UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUSSELLVILLE II, LLC,

  Plaintiff,

 v.

LIBERTY NORTHWEST INSURANCE CORPORATION,

  Defendant.

Case No. 3:14-CV-05553 RBL

FIRST AMENDED COMPLAINT FOR DAMAGES

(Breach of Insurance Contract)

## **PARTIES**

1.  RUSSELLVILLE II, LLC is an Oregon limited liability company ("Russellville"). Russellville asserts these claims in its own name as assignee of Aspen West Contractors, Inc. ("Aspen West") and Clarendon National Insurance Company ("Clarendon"), an insurer of Aspen West, each of whom assigned their claims to Russellville.

2.  LIBERTY NORTHWEST INSURANCE CORPORATION ("Liberty") is an Oregon insurance company doing business within the State of Washington.

## **JURISDICTION AND VENUE**

3.  Liberty at all times material hereto conducted business in Clark County, Washington within the meaning of RCW 4.12.025, wherein Liberty, either directly or through its agents, solicited insurance, transacted insurance business, and/or had an office for the transaction of insurance business.

FIRST AMENDED COMPLAINT FOR
DAMAGES- 1
(No. 3:14-cv-05553 RBL)

Ball Janik LLP
101 SW Main Street, #1100
Portland, OR 97204
Telephone 503.228.2525

4. Russellville's claims arise from Liberty's wrongful denial of defense and indemnity obligations to Aspen West as an additional insured under an insurance policy Liberty issued to Tapio Construction, Inc. ("Tapio"), a Washington corporation whose principal place of business is located in Brush Prairie, Clark County, Washington.

5. Consequently, this Court has jurisdiction over the parties and the subject matter of this action.

**GENERAL ALLEGATIONS**

6. At all relevant and material times, Tapio was insured by Liberty.

7. Upon information and believe, Tapio procured its insurance policies with Liberty in Washington.

8. At all relevant and material times, Tapio's insurance policies with Liberty contained a blanket additional insured endorsement that amended Liberty's policy "to include as an insured * * * [a]ny person or organization for whom you [Tapio] are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."

9. At all relevant times, the insurance policies issues by Liberty to Tapio provided that Liberty would pay all sums that the insured became legally obligated to pay as a result of a covered claim. The Liberty policies further provided that Liberty would defend its insured against all claims seeking potentially covered damages.

10. On or about December 16, 2011, Russellville filed a circuit court action, titled *Russellville II, LLC v. Aspen West, Inc. et al.*, Multnomah County Circuit Court No. 1112-16448 (the "Lawsuit"). The Lawsuit alleged negligence claims against Aspen West, as general contractor, and Tapio, as subcontractor, among other parties, arising from alleged construction defects and resulting property damage at the Russellville Park East Apartments, a mixed-use facility, which is part of a larger mixed-use complex for senior citizens located at 20 SE 103rd Avenue in Portland, Multnomah County, Oregon 97216. The campus is comprised of two

FIRST AMENDED COMPLAINT FOR
DAMAGES- 2
(No. 3:14-cv-05553 RBL)

Ball Janik LLP
101 SW Main Street, #1100
Portland, OR 97204
Telephone 503.228.2525

buildings that are subject to common ownership and management and a common loan. The campus contains commercial and residential space, and assisted living facilities. Residents share amenities at the campus, and can move freely between the buildings on the campus.

11. Aspen West's subcontracts with its subcontractors, including Tapio, required all subcontractors to name Aspen West as an additional insured under the subcontractors' respective insurance policies.

12. Consequently, under the blanket additional insured endorsement contained in Tapio's insurance policy with Liberty, Aspen West was an additional insured under Tapio's insurance policy with Liberty.

13. On or about September 21, 2012, Aspen West, through its insurance company Clarendon, tendered the defense of Russellville's claims to Liberty.

14. Liberty never responded or acknowledged Aspen West's September 21, 2013 tender letter.

15. On or about August 14, 2013, Aspen West, through its insurance company Clarendon, re-tendered the defense of Russellville's claims to Liberty.

16. In a letter dated October 7, 2013, Liberty acknowledged receipt of Aspen West's August 14, 2012 re-tender of the defense of Russellville's claims. In its letter, Liberty acknowledged its policy with Tapio contained a blanket additional insured endorsement. In its letter, Liberty requested a copy of the written contract between Aspen West and Tapio, which was provided to Liberty. However, despite being an additional insured under Liberty's policy, Liberty wrongfully denied Aspen West any defense of Russellville's claims.

17. Aspen West, and its insurer Clarendon, incurred $225,439 in fees defending Russellville's claims.

18. On or about January 3, 2014, Aspen West settled Russellville's claims. Pursuant to this settlement, Aspen West and its insurer Clarendon paid $625,000; Aspen West consented to a judgment in the amount of $3,000,000; and Aspen West assigned to Russellville all claims,

FIRST AMENDED COMPLAINT FOR
DAMAGES- 3
(No. 3:14-cv-05553 RBL)

Ball Janik LLP
101 SW Main Street, #1100
Portland, OR 97204
Telephone 503.228.2525

rights, and defenses available to Aspen West arising from or related to the Lawsuit, including claims against any insurance company. In addition, Clarendon assigned to Russellville all claims, rights, and defenses it may have against any insurance company.

## CAUSE OF ACTION

### BREACH OF INSURANCE CONTRACT

19. The above paragraphs 1 through 18 are incorporated by reference herein.

20. Liberty had duty to defend Aspen West in the Lawsuit because facts were alleged on the face of the complaint seeking damages that would be covered in whole or in part under the Liberty policies.

21. Liberty had a duty to investigate claims beyond the face of the complaint to determine whether duty to defend existed.

22. Liberty failed and refused to provide Aspen West a defense in the Lawsuit. Instead, Liberty abandoned and deserted Aspen West, as an additional insured under Liberty's policy and forced Aspen West to incur substantial legal fees and costs.

23. Liberty did not appear or defend Aspen West in the lawsuit under reservation of rights as to indemnities. In addition, Liberty failed to investigate or properly determine whether indemnification was required. Liberty simply denied coverage without explanation.

24. The actions and inactions of Liberty constituted a bad faith breach of its duty to defend and indemnify its insured, Aspen West, which incurred losses as a result.

25. As a consequence of Liberty's bad faith breach of its duty to defend and indemnify its insured, Liberty is estopped from now asserting policy defenses. *Kirk v. Mt. Airy Ins. Co.,* 134 Wn.2d 558, 564 (1998). Accordingly, Liberty has a contractual obligation to indemnify its insured, Aspen West, for the full amount of the $3,000,000 judgment.

26. At all relevant times, Aspen West met all of its obligations and requirements as an additional insured under the policy and performed each of the terms, covenants, and conditions required of it as an additional insured by the policy.

FIRST AMENDED COMPLAINT FOR DAMAGES- 4
(No. 3:14-cv-05553 RBL)

Ball Janik LLP
101 SW Main Street, #1100
Portland, OR 97204
Telephone 503.228.2525

27. Aspen West and Clarendon suffered damages caused by Liberty's breach of its insurance contract in an amount to be proven at trial, but not less than the cost to defend Aspen West in the amount of $225,439, indemnity payments made by Clarendon in the amount of $625,000, and $3,000,000 in satisfaction of the judgment entered against Liberty's insured, Aspen West.

28. Russellville, as assignee of Aspen West and Clarendon, is entitled to an award of reasonable attorneys' fees for pursuing this claim for breach of insurance contract, pursuant to *Olympic S.S. Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53 (1991). Aspen West is also entitled to an award of all coverage-related expenses, including expert expenses, pursuant to *Panorama Village Condominium Owners Association Board of Directors v. Allstate Ins. Co.*, 144 Wn.2d 130, 144 (2001).

29. Russellville intends to amend this Complaint to assert claims under the Washington Insurance Fair Conduct Act, RCW 48.30.015, and to seek treble damages based on Liberty's unreasonable failure to pay the amounts due under the policy. Pursuant to RCW 48.30.015(8)(a), Russellville will provide prior notice to Liberty and to the office of the insurance commissioner.

## **PRAYER FOR RELIEF**

WHEREFORE, Russellville, as assignee of Aspen West and Clarendon, prays for relief as follows:

A. Judgment against Liberty in an amount to be proven at trial, including but not limited to defense costs incurred by Aspen West in the amount of $225,439, indemnity payments made by Aspen West's insurer in the amount of $625,000, and $3,000,000 in satisfaction of the judgment entered against Liberty's insured, Aspen West, plus pre- and post-judgment interest at the statutory rate;

B. Judgment against Liberty for all costs and attorneys' fees incurred by Russellville in this action; and

FIRST AMENDED COMPLAINT FOR DAMAGES- 5
(No. 3:14-cv-05553 RBL)

Ball Janik LLP
101 SW Main Street, #1100
Portland, OR 97204
Telephone 503.228.2525

1       C.    Such other relief as the Court deems just and equitable.

Dated: June 22, 2015              s/ Kevin S. Mapes
                                        Kevin S Mapes, WSBA No. 40416
                                        Phillip E. Joseph, WSBA No. 31326
                                        BALL JANIK LLP
                                        101 SW Main St., Ste. 1100
                                        Portland, OR 97204
                                        Tel: (503) 228-2525
                                        Fax: (503) 226-3910
                                        E-mail: kmapes@balljanik.com
                                                    pjoseph@balljanik.com

                                        Attorneys for Plaintiff Russellville II LLC

FIRST AMENDED COMPLAINT FOR DAMAGES- 6
(No. 3:14-cv-05553 RBL)

Ball Janik LLP
101 SW Main Street, #1100
Portland, OR 97204
Telephone 503.228.2525

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on June 22, 2015, I served the foregoing by electronic service |
| 3 | through the Court's CMF/ECF system on: |

        John M Silk
        Lisa C. Neal
        WILSON SMITH COCHRAN DICKERSON
        901 Fifth Ave., Suite 1700
        Seattle, WA 98164
        Tel.: (206) 623-4100
        Fax.: (206) 623-9273
        *Attorneys for Defendant*

DATED: June 22, 2015        s/ Kevin S. Mapes
        Kevin S Mapes, WSBA No. 40416
        BALL JANIK LLP
        101 SW Main St., Ste. 1100
        Portland, OR 97204
        Tel: (503) 228-2525
        Fax: (503) 226-3910
        E-mail: kmapes@balljanik.com

        *Attorneys for Plaintiff Russellville II, LLC*

FIRST AMENDED COMPLAINT FOR DAMAGES- 7
(No. 3:14-cv-05553 RBL)

Ball Janik LLP
101 SW Main Street, #1100
Portland, OR 97204
Telephone 503.228.2525